UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
**CENTRAL DIVISION at LEXINGTON**

| | |
|---|---|
| JOHN DOUGLAS ALSMAN, Parent and Next Friend of A.A. MINOR CHILD, and DOUGLAS ALSMAN, Parent and Next Friend of A.D.H., MINOR CHILD, <br><br>    Plaintiffs, <br><br> v. <br><br> TEXAS EASTERN TRANSMISSION, LP, et al., <br><br>    Defendants. | Civil Case No. 5:20-cv-375-JMH <br><br> **MEMORANDUM OPINION AND ORDER** |

\*\*\*

This matter comes before the Court on Defendant NDT Global, LLC's ("NDT Global") Motion to Dismiss [DE 9] pursuant to Federal Rules of Civil Procedure 12(b)(2) and 12(b)(6) for alleged lack of personal jurisdiction and failure to state a claim upon which relief can be granted. In addition to NDT Global's request for relief, Plaintiffs John Douglas Alsman, Parent and Next Friend of A.A., Minor Child, and A.D.H., Minor Child, move the Court to remand this case to the Lincoln Circuit Court. [DE 10]. The Court will deny NDT Global's Motion to Dismiss [DE 9] without prejudice and grant Plaintiffs' Motion to Remand to State Court [DE 10].

## I. DISCUSSION

This case arises from an August 1, 2019, pipeline explosion. Plaintiffs initially filed their Complaint [DE 1-1, at 7-25] on July 30, 2020, in the Lincoln Circuit Court, against Defendants Texas Eastern Transmission, LP ("TETLP"), Spectra Energy Operating Company, LLC, Spectra Energy Transmission Resources, LLC, Spectra Energy Transmission Services, LLC, Spectra Energy Corp., Enbridge (U.S.) Inc., NDT Systems & Services (America), Inc., NDT Services & Systems, LLC, NDT Global, LLC, Unknown Danville Compressor Station Operator(s) ("the Operator"), and Unknown Corporate Defendants.

On August 3, 2020, Plaintiffs filed their First Amended Complaint [DE 1-1, at 27-45] in Lincoln Circuit Court, which added Defendant Michael B. Clem. However, on September 4, 2020, TETLP filed a Notice of Removal [DE 1] in this Court arguing Clem, the Operator, and the Unknown Corporate Defendants were fraudulently joined to destroy diversity. Aside from Plaintiffs, Clem, the Operator, and the Unknown Corporate Defendants, no other party is alleged to be a Kentucky resident or citizen, to be incorporated in Kentucky, or to have a principal place of business in Kentucky, so the joinder question is crucial to the determination of whether complete diversity exists to give this Court jurisdiction over this matter.

2

## A. MOTION TO DISMISS

The Court agrees with Plaintiffs and Defendants TETLP, Spectra Energy Operating Company, LLC, Spectra Energy Transmission Resources, LLC, Spectra Energy Transmission Services, LLC, Spectra Energy Corp., Enbridge (U.S.) Inc. (collectively the "TETLP Defendants"), *see* [DE 12; DE 13], that NDT Global's Motion to Dismiss [DE 10] was filed prematurely and will, therefore, be denied without prejudice. *See Allen v. Ferguson*, 791 F.2d 611, 614-16 (7th Cir. 1986) (finding that a district court erred in deciding a defendant's motion to dismiss for want of personal jurisdiction before determining whether complete diversity existed); *Walker v. Philip Morris USA, Inc.*, 443 F. App'x 946 (6th Cir. 2011) (finding that in denying the plaintiffs' motion to remand to state court and granting the defendants' motions to dismiss, the district court had, in essence, decided there were no genuine issues of material fact prior to the parties participating in discovery). If the Court were to decide that complete diversity does not exist, it would lack subject matter jurisdiction to address the merits of Plaintiffs' claim under Rule 12(b)(6). *See Walker*, 443 F. App'x at 956 ("Because there was no fraudulent joinder, there was no diversity. Thus, the district court lacked subject matter jurisdiction to address the merits of Plaintiffs' claim."). NDT Global utilizes an attached Affidavit [DE 9-1] from its Vice President, Thomas Redlinger, to attempt to show that NDT

3

Global has never owned, controlled, operated, supervised, or maintained any natural gas pipeline in Kentucky, including the pipeline that is presently at issue, as Plaintiff alleges. *See* [DE 9]. However, as Plaintiff correctly asserts, discovery is needed before NDT Global's arguments regarding its connection, or lack thereof, to the pipeline can be proved or disproved. [DE 11, at 4]; *see also Walker*, 443 F. App'x at 956 ("In rejecting Plaintiffs' evidence as insufficient to overcome the Kentucky Defendants' affidavits, the court . . . inquired whether Plaintiffs had adequate evidentiary support for their claim, the traditional Rule 56 inquiry. But Rule 56 motions for summary judgment are decided after discovery, not shortly after filing."). While the TETLP Defendants "believe that complete diversity exists in this case," they "echo Plaintiff's objection that the parties have not had the opportunity to explore the assertions in NDT Global's Motion to Dismiss." [DE 12, at 2]. For the forgoing reasons, the Court will deny NDT Global's Motion to Dismiss [DE 9] without prejudice and consider Plaintiff's Motion to Remand [DE 10].

### B. MOTION TO REMAND

Plaintiffs argue that the Court should remand this matter to the Lincoln Circuit Court because Clem, the Operator, and Unknown Corporate Defendants were not fraudulently joined and complete diversity does not exist. *See* [DE 10-1].

Federal courts have limited jurisdiction. *Gross v. Hougland*, 712 F.2d 1034, 1036 (6th Cir. 1983). If there are any doubts as to whether federal jurisdiction exists, the decision should be construed in favor of remanding the matter to state court. *Shamrock Oil & Gas Corp. v. Sheets*, 313 U.S. 100, 109 (1941); *Cole v. Great Atlantic & Pacific Tea Co.*, 728 F. Supp. 1305, 1307 (E.D. Ky. 1990) (citations omitted); *Allen v. Frasure Creek Mining Co.*, Civil No: 12-110-GFVT, 2012 WL 12924816, at *1 (E.D. Ky. Sept. 19, 2012). In determining whether to remand a case to state court, courts must consider whether federal jurisdiction existed at the time the removing party filed the notice of removal. *Ahearn v. Charter Twp. of Bloomfield*, 100 F.3d 451, 453 (6th Cir. 1996).

"A defendant may remove a civil action brought in state court to federal court only if the action is one over which the federal court could have exercised original jurisdiction." *Allen*, 2012 WL 12924816, at *1 (citing 28 U.S.C. §§ 1441, 1446). District courts have original diversity jurisdiction over all civil actions where "the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between . . . citizens of different states." 28 U.S.C. § 1332(a)(1). Diversity jurisdiction requires that "'all parties on one side of the litigation [must be] of a different citizenship from all parties to the other side of the litigation.'" *Coyne v. Amer. Tobacco Co.*, 183 F.3d 488, 492 (6th Cir. 1999) (citations omitted); *see also Lincoln Property Co.*

5

*v. Roche*, 546 U.S. 81, 89 (2005). The burden of establishing the right to removal is on the removing party. *See Coyne*, 183 F.3d at 493. "Section 1441 provides that 'the citizenship of defendants sued under fictitious names shall be disregarded,' 28 U.S.C. § 1441(a), unless the ''complaint provide[s] a description of a fictitious defendant in such a way that his identity could not be reasonably questioned.''" *Allen*, 2012 WL 12924816, at *2 (quoting *Harrison v. Allstate Indem. Co.*, 2012 WL 1029437, at * 2 (E.D. Ky. 2012) (quoting *Musial*, 2008 WL 2559300, at *3)).

Here, Plaintiffs' descriptions of the Operator and the Unknown Corporate Defendants are such that the individuals' identities can be reasonably questioned. Regarding the Operator, the Operator at TETLP's Danville Compressor Station may have closed the valve the day of the explosion, but it is also possible that other personnel may have closed the valve. Plaintiffs' own Amended Complaint [DE 1-1] specifies, "Personnel at the Danville, Kentucky compressor station, including but not limited to the Defendant, Michael B. Clem, and/or the Unknown Danville Compressor Station Operator(s), eventually closed the Pipeline discharge valve at the Danville compressor station located about 3.5 miles from the site of the explosion." [DE 1-1, at 34]. The fact that the person who closed the valve could have been the Operator or other personnel at the Danville Compressor Station, including Clem, leaves the

6

identity of the fictitious Operator too ambiguous for purposes of diversity jurisdiction.

Moreover, while it might be reasonable to infer that a TETLP employee who works in a central Kentucky city, like Danville, is a resident of Kentucky, Section 1441(a) requires a strict interpretation, so the Operator must be disregarded for purposes of diversity jurisdiction. *See Allen*, 2012 WL 12924816, at *2 (citing *Alexander v. Electronic Data Systems Corp.*, 13 F.3d 940, 948 (6th Cir. 1994); *Curry v. U.S. Bulk Transp., Inc.*, 462 F.3d 536, 539 (6th Cir. 2006) ("Although asserting that the employees are residents of Kentucky might be a reasonable inference to draw from the facts included in the complaint, Section 1441(a) compels strict interpretation and consequently the unknown agents shall be disregarded for purposes of diversity jurisdiction.")). The Court cannot presume that someone working on a jobsite in Kentucky on one specific day is a resident and citizen of Kentucky. Plaintiffs' claims against the Unknown Corporate Defendants also fail to adequately describe their identities, as Plaintiffs merely describe them as follows:

> The Unknown Corporate Defendants are upon information and belief Kentucky corporations or limited liability companies, or foreign corporations and limited liability companies, who have participated in the installation, maintenance, repair, and/or inspection of the Pipeline which is the subject of this litigation. These Unknown Corporate Defendants will be more accurately named once the identities of the same can be more discovered through

7

> discovery. Registered Agent for Service of Process is unknown at this time.

[DE 1-1, at 32]. Therefore, the Court will not consider the Operator or the Unknown Corporate Defendants when making its determination on diversity jurisdiction.

Now, the Court turns its attention to Clem, the only properly identified Defendant whose inclusion in this matter allegedly results in a lack of complete diversity necessitating a remand to Lincoln Circuit Court. In Plaintiffs' Amended Complaint [DE 1-1 at 27-45], they claim the following:

> Michael B. Clem, is a Kentucky citizen and resident and to the best of Plaintiff's [sic] knowledge and belief is and was an employee and/or agent of Texas Eastern Transmission, LP and the other named corporate Defendants . . . [and] the acts and/or omissions of Michael B. Clem, as an employee and agent of Texas Eastern Transmission, LP and/or the other named corporate Defendants, contributed to the injuries and damages sustained by Plaintiffs, including but not limited to the operation of the pipeline discharge valve of the pressurized onshore gas pipeline system that is the subject of this litigation.

[*id.* at 31]. Plaintiffs' Amended Complaint further alleges that Clem's "negligent, grossly negligent, wanton and/or reckless actions . . . contributed to the injuries and damages sustained by the Plaintiff," *id.* at 33, and "[t]hat the doctrine of respondeat superior applies to Defendants for the negligent, reckless, and/or intentional acts and/or failure to act of their employees," such as Clem, *id.* at 41-42.

8

### 1. FRAUDULENT JOINDER

The TETLP Defendants argue Plaintiffs' request for the Court to remand this matter to Lincoln Circuit Court must be denied because "Plaintiff has not stated a colorable claim against Michael Clem or the Unknown Operators under Kentucky Law." [DE 13, at 8]. For reasons stated previously herein, Plaintiffs' claims against the Operator have no bearing on the Court's determination of whether to remand this case, so the Court need not consider them.

A non-diverse defendant who is fraudulently joined to an action "will not defeat removal on diversity grounds." *Coyne*, 183 F.3d at 493 (citing *Alexander*, 13 F.3d 940 at 949). "To prove fraudulent joinder, the removing party must present sufficient evidence that a plaintiff could not have established a cause of action against non-diverse defendants under state law." *Id*. "However, if there is a colorable basis for predicting that a plaintiff may recover against non-diverse defendants, this Court must remand the action to state court." *Id.*; *see also Smith v. Wyeth Inc.*, 488 F. Supp. 2d 625, 627 (W.D. Ky. 2007 (quoting *Alexander*, 13 F.3d at 949) ("A defendant is fraudulently joined if there is 'no reasonable basis for predicting that state law might impose liability on the facts involved.'"). This Court must "resolve 'all disputed questions of fact and ambiguities in the controlling . . . state law in favor of the non removing party.'" *Coyne*, 183 F.3d at 493 (quoting *Alexander*, 13 F.3d at 949). "All

9

doubts as to the propriety of removal are resolved in favor of remand." *Id*.

Here, the TETLP Defendants argue, "[t]he facts released to date by the NTSB about the incident, however, demonstrate that the Improper Defendants could not have proximately caused Plaintiff's injuries," meaning Plaintiffs cannot show that Clem's acts or omissions amount to a colorable claim of negligence. [DE 13, at 10]. To support this argument, the TETLP Defendants assert that the Court can take judicial notice of the NTSB's Preliminary Report [DE 13-1] and attempt to use "facts" within the NTSB's Preliminary Report to show that Clem's acts and omissions cannot establish proximate cause. *Id*. Indeed, the Court can, and will, take judicial notice of the existence of the NTSB's Preliminary Report [DE 13-1], but it can only take judicial notice of its contents, insofar as they "'prove facts whose accuracy cannot be reasonably questioned.'" *Ashland Inc. v. Oppenheimer & Co., Inc.*, 689 F. Supp. 2d 874, 881 (E.D. Ky. 2010) (quoting *In re Cardinal Health, Inc. Sec. Litigs.*, 426 F. Supp. 2d 688, 712 (S.D. Ohio 2006)). "The court may judicially notice a fact that is not subject to reasonable dispute because it: (1) is generally known within the trial court's territorial jurisdiction; or (2) can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned." Fed. R. Evid. 201(b).

Notably, the NTSB's Preliminary Report [DE 13-1] and the TETLP Defendants' arguments stemming therefrom are not only reasonably disputed, but Plaintiffs have not even had the opportunity to gather their own evidence to adequately dispute them because discovery has not commenced in this action. Moreover, the NTSB's Preliminary Report [DE 13-1] is just that: a *preliminary* report. The NTSB's Preliminary Report [DE 13-1] is, therefore, not finalized, as the investigation is still ongoing, and clearly states, "The information in this report is *preliminary* and will either be supplemented *or corrected* during the course of the investigation." [DE 13-1, at 2 (emphasis added)]. Accordingly, the Court will not take judicial notice of the contents of the NTSB's Preliminary Report [DE 13-1] because the contents, and their finality, can reasonably be questioned. Since the TETLP's arguments rebuking Plaintiffs' claim against Clem rest on the NTSB's Preliminary Report's [DE 13-1] contents, the Court will find that Plaintiffs have a colorable basis for their claim against Clem and grant Plaintiffs' Motion to Remand [DE 10].

## II. CONCLUSION

The Court, having considered the matters fully, and being otherwise sufficiently advised,

**IT IS ORDERED** as follows:

(1) Defendant NDT Global, LLC's ("NDT Global") Motion to Dismiss [DE 9] is **DENIED WITHOUT PREJUDICE;**

11

(2) Plaintiff's Motion to Remand to State Court [DE 10] is **GRANTED**; and

(3) Pursuant to 28 U.S.C. § 1447(c), the Clerk of Court shall mail a certified copy of this order to the Lincoln Circuit Court Clerk.

This 30th day of July, 2021.



Signed By:
*Joseph M. Hood*
Senior U.S. District Judge